UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDRES AVILA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | Case No. 2:15-cv-00178-KLS<br><br>ORDER REVERSING DEFENDANT'S DECISION AND REMANDING FOR PAYMENT OF BENEFITS AND DETERMINATION OF ONSET DATE OF DISABILITY |

Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for payment of benefits and a determination of plaintiff's onset date of disability.

FACTUAL AND PROCEDURAL HISTORY

On July 29, 2008, plaintiff filed an application for disability insurance benefits. *See* Dkt. 10, Administrative Record ("AR") 661. In a decision dated April 23, 2010, an administrative law judge ("ALJ") determined that plaintiff was disabled from July 25, 2007, through April 30, 2009, but that he was no longer disabled as of May 1, 2009, due to medical improvement. *See id.* Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on

ORDER - 1

September 24, 2010, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See id.*; 20 C.F.R. § 404.981.

On May 5, 2010, plaintiff filed another application for disability insurance benefits, which was denied on initial administrative review and on reconsideration. *See* AR 660. On January 21, 2011, he filed a request for a hearing of that denial. *See id.* On May 24, 2012, plaintiff filed an application for SSI benefits, which was escalated to the hearing level. *See id.* A hearing was held before a different ALJ, who, in a decision dated June 29, 2012, determined plaintiff to be not disabled as well. *See id.*

Plaintiff's request for review of that decision was denied by the Appeals Council on June 20, 2013, and on December 24, 2013, this Court remanded the matter for further administrative proceedings. *See id.* A new hearing was held before a third ALJ on September 10, 2014, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. *See* AR 690-746. At that hearing, plaintiff alleged he became disabled beginning September 1, 2010. *See* AR 694.

In a decision dated December 5, 2014, the ALJ found the evidence showed plaintiff's circumstances had changed such that the presumption of continuing non-disability resulting from the prior ALJ's decision was rebutted, but nevertheless determined plaintiff to be not disabled.[1] *See* AR 657-89. It does not appear that the Appeals Council assumed jurisdiction of the case. *See* 20 C.F.R. § 404.984, § 416.1484. On February 12, 2015, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3. The administrative record was filed with the Court on April 20, 2015. *See* Dkt. 10. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

---

[1] The ALJ also associated new applications for disability benefits plaintiff had filed on June 27, 2013, with the two prior applications he had filed in May 2010, and January 2011, and accordingly those applications were denied by the ALJ as a result of the adverse December 2014 decision as well. *See* AR 660, 662.

ORDER - 2

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits because the ALJ erred: (1) in evaluating the medical evidence in the record; (2) in failing to address the vocational assessment completed by Merrill Cohen, M.C.; and (3) in discounting plaintiff's credibility. Defendant concedes the ALJ's decision contained harmful errors in evaluating the medical and vocational evidence. However, defendant argues remand for further administrative proceedings is proper rather than an award of benefits. For the reasons set forth below, though, the Court finds that defendant's decision should be reversed and that this matter should be remanded for payment of benefits, as well as for further administrative proceedings to determine plaintiff's onset date of disability.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported

ORDER - 3

by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [2]

I.  The improperly Rejected Medical Evidence

Plaintiff argues the ALJ erred in finding the medical evidence in the record showed he had stabilized following shoulder surgery in March 2009, in determining him to be capable of performing a modified range of light work. *See* AR 670, 677. A March 2011 MRI of plaintiff's right shoulder revealed a "full-thickness full-width tear" among other significant objective findings. *See* AR 649. A second MRI performed in July 2012, confirmed the full-thickness tear, again along with other significant objective findings. *See* AR 1140-41.

Based in part on the March 2011 MRI, along with his own examination findings, Mark McKenna, M.D., an orthopedist, opined in April 2011, that the shoulder tear was not amenable for repair or likely to improve on its own. *See* AR 628-31. He also opined that plaintiff could not use his right arm "for any labor intensive activity," lift, push or pull more than 15 pounds, or work overhead with his right arm. *See* AR 631. Also in April 2011, Rebecca Welch, ARNP, one

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 4

of plaintiff's treating medical sources, opined that he could not lift more than 15 pounds or do any overhead work with his right arm based on the MRI findings. *See* AR 501-02. She offered similar opinions in 2011 and 2012. *See* AR 506, 1122, 1158-59, 1170.

Following a May 2012 examination and again based in part on the MRI findings, Lynn Staker, M.D., another orthopedist, opined that plaintiff was significantly limited – including an "inability to really use his right shoulder" – that he would have difficulty standing and walking and that he likely would not be employable. *See* AR 1130-31. In October 2012, Karl Weyrauch, M.D., a treating physician, opined that  chronic neck, shoulder, back, hand and knee pain would prevent plaintiff from lifting more than 10 pounds at a time. *See* AR 1156. In May 2013, he again opined that plaintiff was limited to lifting a maximum of 10 pounds, and that plaintiff was restricted to sedentary work. *See* AR 1161. In June 2014, Andrew Pastor, M.D., a specialist in orthopedics and sports medicine, examined plaintiff and opined that he would not benefit from surgery, that his shoulder "causes severe disability and [that he] should be restricted from any working using his right[]shoulder." AR 1524.

Defendant concedes the ALJ committed harmful errors in evaluating the above medical evidence, but asserts those errors require remand for reevaluation of that evidence. Specifically, defendant contests plaintiff's argument that the 2011 and 2012 MRIs show a worsening of his shoulder impairment, and asserts plaintiff only speculates about the functional limitations those MRI findings indicate. But the medical opinion evidence discussed above – much of which relies at least in part on those findings – are largely in agreement that plaintiff was limited to sedentary or even less than sedentary work mostly due to lifting and overhead work restrictions stemming from his shoulder impairment.

Defendant does not contest that fact, but instead points to a statement plaintiff made in

ORDER - 5

July 2014, that he was able to lift weights without pain, as evidence that additional development of the record is necessary to determine how much weight plaintiff actually could lift and whether that amount is consistent with light work. As defendant notes, plaintiff did state he had been able to go to the gym and "lift weights and feel no pain." AR 1496. It is also true as defendant further notes, that plaintiff did not specify how much he did or could lift at that time. *See id.* The Court, however, declines to find this one statement by plaintiff creates a sufficient ambiguity to warrant remand, given that there is no indication plaintiff was lifting or felt he was capable of lifting at a level greater than that indicated by the above medical sources.

Defendant also points to a June 2009 declaration by one of plaintiff's treating physicians that he was "fully rehabilitated and extremely strong." AR 621. But that declaration merely tends to bolster plaintiff's argument that his condition has worsened since then, as evidenced by the MRIs in 2011 and 2012, and subsequent medical opinion evidence. On the other hand, the Court does agree with defendant that additional development of the record is needed to determine when his condition deteriorated to the point of disability for the reasons discussed below.

II.     The ALJ's Failure to Address the Vocational Expert Evidence

The record contains a vocational assessment completed by vocational consultant Merrill Cohen, MC, in July 2011, in which she opined that plaintiff "does not have adequate basic skills in reading or math to be able to attend a formal training program to obtain new skills," and that "his access to employment is limited to a narrow range of entry level jobs that do not require extensive training or skill." AR 617. As plaintiff points out, the ALJ neither adopted the above limitations nor gave any reasons for rejecting them, and as noted above defendant concedes the ALJ failed to properly address this evidence. Further, the limitations Ms. Cohen assessed are vocationally significant since if they had been adopted, they would eliminate the dispatcher job

ORDER - 6

the ALJ determined that plaintiff could perform at step five of the sequential disability evaluation process.³ *See* Dictionary of Occupational Titles ("DOT") 239.367-014, 1991 WL 672225.

III.    The ALJ's Credibility Determination

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Id.* In this case, the ALJ discounted plaintiff's credibility for several reasons: his activities revealed greater functioning than alleged; he was evasive in his testimony concerning marijuana use; and he failed to report side effects from his narcotic pain medications. *See* AR 669-70. Plaintiff argues persuasively that the record does not support a finding that these are clear and convincing reasons for finding him to be not fully credible. *See* Dkt. 12, pp. 14-17 (citing AR 52-53, 703, 712, 716, 725, 1169, 1267, 1273, 1281, 1287, 1375, 1486).

Defendant does not offer any argument or point to any evidence in the record to support the ALJ's credibility determination here. Rather, defendant merely asserts questions surrounding the medical and vocational evidence in the record require remand for reevaluation of plaintiff's credibility as well. But nothing in that evidence calls into question plaintiff's credibility. Rather, if anything it tends to add credibility to his allegations of disabling functional limitations. As such, the Court declines to find any issues regarding plaintiff's credibility warranting remand for further consideration thereof.

---

³ The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* At step four of that process, the ALJ must determine if the claimant can do his or her past relevant work. *See* 20 C.F.R. § 404.1520(a), § 416.920(a).

ORDER - 7

IV.  Remand for Payment of Benefits and Determination of Onset Date of Disability Is the Proper Remedy

If a claimant cannot perform his or her past relevant work at step four of the sequential disability evaluation process, at step five thereof the ALJ must show there are a significant number of jobs in the national economy the claimant can do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ to the vocational expert. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). As such, the ALJ's description of the claimant's functional capabilities "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted).

In this case, the ALJ found plaintiff could perform the job of dispatcher, which requires skills acquired in plaintiff's past relevant work but no other skills, based on the testimony of the vocational expert that an individual with the same age, education, past relevant work experience, residual functional capacity ("RFC") assessment was capable of performing that job. *See* AR 667, 678. Given the errors discussed above, however, the ALJ's RFC assessment necessarily is in error as well, and thus so too is the ALJ's step five finding here.[4] The same is true in regard to

---

[4] If a disability determination "cannot be made on the basis of medical factors alone at step three of the [sequential disability] evaluation process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL

ORDER - 8

the ALJ's reliance on the vocational expert's testimony that there are additional unskilled jobs plaintiff could perform based on the same RFC assessment. *See* AR 678-79.

In addition, again as discussed above, the medical evidence is in general agreement that plaintiff is limited to no more than the sedentary work level. As plaintiff points out, furthermore, a claimant who is at least 50 years old, who has a limited education (*see* AR 677) and who is limited to unskilled sedentary work is disabled under the Grids. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.09, § 201.10. As noted by the ALJ, plaintiff was 50 years old at the time of his alleged onset date, September 1, 2010. *See* AR 677. Accordingly, plaintiff argues a finding of disability as of that date is warranted. But the Court agrees with defendant that the record does not clearly indicate when plaintiff became disabled.

Plaintiff argues a July 2008 MRI constitutes sufficient evidence to establish disability. *See* Dkt. 12, pp. 4 (citing AR 373), 18. Although it may be that plaintiff's disability ultimately can be traced back to that MRI, currently the record fails to show exactly when plaintiff's condition changed for the worse, let alone changed enough to warrant a finding of disability. For example, plaintiff fails to point to any specific evidence for the period between April 30, 2009 – the last date on which the previous ALJ found him to be disabled – and the March 2011 MRI the first potential indication of a worsening of his condition. Further, it is unclear whether the date of that MRI should be used in determining when his condition had sufficiently changed or, say, the date of Dr. McKenna's opinion in April 2011, in which plaintiff first was found to be limited to essentially sedentary work, or even if it should be inferred back to when plaintiff first turned 50,

---

374184 *2. A claimant's RFC assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *See id.* It thus is what the claimant "can still do despite his or her limitations." *Id.*

ORDER - 9

his alleged onset disability date.[5]

V.  Remand for Determination of Disability Onset Date is Warranted

An ALJ has the duty "to fully and fairly develop the record." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citations omitted). This duty is triggered when the evidence in the record is ambiguous or inadequate to allow for proper evaluation thereof. *See id.*; *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). "In the event that the medical evidence is not definite concerning the onset date and medical inferences need to be made," the ALJ must "call upon the services of a medical advisor and to obtain all evidence which is available to make the determination." *DeLorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir. 1991); *see also Armstrong v. Commissioner of Social Security Admin.*, 160 F.3d 587, 589 (9th Cir. 1998) ("[T]he . . . ALJ . . . should call on the services of a medical advisor when onset must be inferred.") (quoting SSR 83-20, 1983 WL 31249 *3); *Morgan v. Sullivan*, 945 F.2d 1079 (9th Cir. 1991).

The Court may order remand "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v.*

---

[5] There is no indication, however, that plaintiff necessarily would be found disabled under the Grids prior to the day he turned 50 years old, even when limited to performing at no more than the sedentary unskilled work level. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.00(h)(3), § 201.18, § 201.19.

ORDER - 10

*Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Here, the ALJ failed to provide legally sufficient reasons for rejecting plaintiff's evidence, there are no outstanding issues that must be resolved before a determination of disability can be made except for the onset date of disability, and it is clear the ALJ would be required to find plaintiff disabled when crediting the improperly rejected evidence. Nevertheless, while the evidence in the record supports a finding of disability, it is ambiguous as to the actual onset date of disability. As such, remand for determination of that date – based on additional medical expert testimony if necessary – is warranted. *See Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010) (remanding for further proceedings where ALJ did not reach issue of when claimant's disability began, and evidence claimant wanted credited did not identify particular onset date).

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision is REVERSED and this matter is REMANDED for payment of benefits, as well as for a determination of plaintiff's onset date of disability.

DATED this 29th day of September, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 11