UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDRES AVILA,

                Plaintiff,

  v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

                Defendant.

Case No. 2:15-cv-00178-KLS

ORDER GRANTING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT UNDER FED. R. CIV. P. 59(e)

      This matter comes before the Court on defendant's filing of a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), arguing the Court committed clear error in applying the "credit as true" rule when it remanded this case for payment of benefits, while the issue of the onset date of disability was outstanding. *See* Dkt. 25. For the reasons set forth below the Court agrees that this matter should have been remanded for further proceedings without payment of benefits, and therefore that the motion should be granted.

      "A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington Northern Santa Fe Railroad Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). A Rule 59(e) motion may be granted when "'necessary to correct *manifest errors of law or fact upon which the judgment is based*.'" *Id.* (emphasis in original) (citation omitted).

      In reversing defendant's decision to deny benefits, the Court found that although plaintiff should have been found disabled by the ALJ after he turned age 50, it was not clear when he first

ORDER - 1

became disabled. *See* Dkt. 23. The Court then applied the credit-as-true rule to reverse this matter for an award of benefits, as well as for further proceedings to determine plaintiff's onset date of disability. *Id.*

> The credit-as-true rule states that benefits should be awarded where:
>
> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Thus, in applying the credit-as-true rule the focus is on whether any outstanding issues remain before a determination of *disability* may be made.[1] *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1101-02 (9th Cir. 2014); *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) ("[I]n social security cases, 'the required analysis centers on what the record evidence shows about the existence or non-existence of disability.'") (citation omitted).

The Ninth Circuit nevertheless has recognized that "issues other than the presence or absence of a disability may preclude immediate payment of benefits." *Harman v. Apfel*, 211 F.3d 1172, 1178 n.7 (9th Cir. 2000) (citing *Regnnitter v. Comm'r of the Social Sec. Admin.*, 166 F.3d 1294, 1300 (9th Cir. 1999) (declining to remand for payment of benefits due to unresolved issue concerning date on which disability began); *see also Howell v. Astrue*, 248 Fed. Appx. 797, 800 (9th Cir. 2007) (remanding for further proceedings because "[a]lthough it is now clear that [the claimant] was disabled at some point before her 'date last insured' . . . it is not clear whether she

---

[1] Defendant asserts that given the Court ordered further administrative proceedings evidence obtained on remand – including medical expert testimony – *could* reveal different levels of functioning that *could* contradict the evidence the Court found should be credited as true. *See* Dkt. 25, pp. 4-5. There is no indication, however, that such evidence exists or is likely to be found, making defendant's assertion wholly speculative, and therefore insufficient to form a basis for declining to apply the credit-as-true rule.

ORDER - 2

is entitled to ongoing disability benefits or to benefits for a 'closed' period of disability, nor are the dates of such period clear.").

Given the outstanding issue of plaintiff's onset date of disability, and in light of *Howell*, *Harmon* and *Regennitter*, remand for further administrative proceedings without an award of benefits is more appropriate. Accordingly, defendant's Rule 59(e) motion is GRANTED. The Court's prior reversal and remand order (*see* Dkt. 23) is thus amended to reflect that this matter shall be remanded for further consideration of the issue of plaintiff's onset date of disability and not in conjunction with an award of benefits. In all other aspects, the prior reversal and remand order shall remain in effect.

DATED this 5th day of November, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3